UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN SACCHI,

*Plaintiff,*

v.

TANU S. REDDI, a/k/a TANU GILLESPIE, and
COMPASS GREATER NY, LLC,

*Defendants*.

Case No. 26-CV-2102 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

On March 14, 2026, Plaintiff John Sacchi ("Plaintiff") filed this Action against Tanu

Reddi ("Reddi") and Compass Greater NY, LCC ("Compass") (collectively, "Defendants")

asserting various state law causes of action. (*See* Compl. ("Compl.") 12–17 (Dkt. No. 2); *see*

*generally* Dkt.) Over one month after the Complaint was filed, on April 23, 2026, Plaintiff filed

a proposed Order to Show Cause with Emergency Relief, seeking an order "affirmatively

enjoining [Reddi] to sit for a deposition under oath" regarding information about a property

Plaintiff purchased from Reddi with Compass acting as broker. (OSC with Em. Relief 1 (Dkt.

No. 10).) The Court construes this request as one for emergency relief (in the form of either a

preliminary injunction or temporary restraining order ("TRO")), or, in the alternative, a request

for expedited discovery. As set forth below, the Court determines that the allegations in

Plaintiff's Complaint do not suffice to establish subject matter jurisdiction, and so the Court has

no authority to grant Plaintiff's requests. However, as Plaintiff has also expressed an intent to

amend his Complaint, the Court grants Plaintiff leave to amend. Plaintiff's Amended Complaint

should be filed no later than May 11, 2026.

I.  Background

As alleged in Plaintiff's Complaint, on March 4, 2026, he purchased a home in Bronxville, New York (the "Property"); Reddi, represented by Compass, sold the Property to Plaintiff.  (Compl. ¶¶ 3, 9–10, 14.)  Two days later, Plaintiff went to place an area rug within the building at the Property and "sensed [the] floor buckling in his stockinged feet."  (*Id.* ¶ 14; *see also id.* ¶ 29.)  He employed professionals to investigate the damage, who identified "significant and undisclosed water infiltration, seepage, damage, and mold."  (*Id.* ¶ 15.)  Plaintiff alleges that he still is not entirely certain of the extent of the damage, as evaluating the damage would require professionals to open up the "floors, walls, ceilings, and baseboards" at the Property to assess the extent and origin of the issue.  (*Id.* ¶ 16.)  Plaintiff claims that Defendants have continuously "refus[ed] to respond to [his] inquiries regarding" the damage.  (*Id.* ¶ 18; *see also id.* ¶¶ 30–31.)

As mentioned, on March 14, 2026, Plaintiff commenced this Action.  (*See generally* Dkt.)  On April 22, 2026, Reddi's Counsel filed a pre-motion letter regarding an anticipated Motion to Dismiss the Complaint.  (*See* Letter from Peter S. Dawson, Esq. & Lee S. Wiederkehr, Esq. to Court (Apr. 22, 2026) (Dkt. No. 9).)  The very next day, on April 23, 2026, Plaintiff filed his request for emergency relief.  (OSC for Em. Relief.)  The Court directed Defendants to respond to Plaintiff's request by no later than April 29, 2026.  (Mem. Endorsement (Apr. 23, 2026) (Dkt. No. 11).)  Then, in a letter dated April 29, 2026, and again in a letter dated April 30, 2026, Plaintiff indicated his intent to amend his Complaint, which he sought to do within 10 days of this Court's ruling on his Order to Show Cause.  (*See* Letter from Stephen Simoni, Esq. to Court (Apr. 29, 2026) (Dkt. No. 15); Letter from Stephen Simoni, Esq. to Court (Apr. 30, 2026) (Dkt. No. 26).)  On April 29, 2026, Reddi filed a cross-motion seeking a protective order, (Cross-Mot. for Protective Order (Dkt. No. 16)), a memorandum of law in support of the cross-motion

and in opposition to the Order to Show Cause, (Mem. of L. in Supp. of Cross Mot. and in Opp'n to OSC ("Reddi Opp'n") (Dkt. No. 19)), and declarations supporting the cross-motion and opposition, (Decl. of Peter S. Dawson, Esq. ("Dawson Decl.") (Dkt. No. 17); Decl. of Justina Chen ("Chen Decl.") (Dkt. No. 18)).  Also on April 29, 2026, Compass filed its opposition to the Order to Show Cause.  (*See* Opp'n Br. ("Compass Opp'n") (Dkt. No. 24).)

In support of his request for emergency relief, Plaintiff argues that relief "is needed to prevent the irreparable harm of continued destruction of the residence . . . ."  (Aff. of Stephen J. Simoni ("Simoni Aff.") 2 (Dkt. No. 10-1).)  He claims that, in the absence of information from Reddi about the nature, origins, and extent of the damage, he "will be unable to restore the residence with specialty building materials . . . that are no longer commercially available."  (*Id.* at 4.)  He also attaches photographs purportedly "revealing the cutting of the structure, black mold, and apparent ongoing leakage."  (*Id.* at 3, 8–10.)  It is not entirely clear what the images depict, but they appear to show certain areas within the walls of a home.  (*See id.*)

In Reddi's opposition, she claims and attaches materials suggesting that "Plaintiff's counsel, Stephen J. Simoni . . . is also his spouse . . . and that Sacchi and Simoni acquired the property at issue . . . from Reddi together . . . ."  (Reddi Opp'n 1; *see also* Dawson Decl., Ex. 2, at 2 (Dkt. No. 17-2) (copy of a deed representing that John Sacchi and Stephen Simoni are "Married Spouses").)  Reddi also produces copies of Instagram posts made by Plaintiff at a home that, counsel avers, is the Property at issue in this Action.   (*See* Chen Decl. ¶ 4.) These include photos posted after the date this Action was commenced, which appear to reflect Plaintiff hanging pieces of art in the Property by notable artists Atta Kwami, Jongsuk Yoon, Georges Jouve, and Beverly Buchannan, among others.  (*See* Chen Decl., Ex. 11 (Dkt. No. 18-6) (screenshot of Instagram post dated March 27); *id.*, Ex. 12 (Dkt. No. 18-7) (screenshot of

Instagram post dated March 31); *id.*, Ex. 14 (Dkt. No. 18-9) (screenshot of Instagram post dated Apr. 13).) One of the posts appears to be from April 23, 2026—the same day that the order to show cause was filed. (*Id.*, Ex. 18 (Dkt. No. 18-13).) Reddi argues that Plaintiff has not met his burden of proving his entitlement to emergency relief. (*See generally* Reddi Opp'n.)

In its Opposition Brief, Compass argues that it was not effectively served in this Action. (Compass Opp'n 1–2.) It also argues, like Reddi, that Plaintiff has not demonstrated a likelihood of success on the merits, irreparable harm, or the balance of interests weighing in his favor, as would be necessary to obtain emergency relief. (*Id.* at 3–4.)

## II. Discussion

### A. Governing Law

"[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 83 (2d Cir. 1990). Consistent with that proposition, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

"District courts have original jurisdiction in cases where a federal question exists and in certain cases involving diversity of citizenship." *Anderjaska v. Bank of Am., N.A.*, No. 19-CV-03057, 2020 WL 1503418, at *2 (S.D.N.Y. Mar. 30, 2020). As to diversity jurisdiction under 28 U.S.C. § 1332, "federal courts have jurisdiction to hear civil actions between citizens of different States as long as the matter in controversy exceeds $75,000." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quotation marks omitted and alterations adopted). Diversity jurisdiction requires complete diversity; there must be "no plaintiff and no defendant who are citizens of the same State." *Id.* (wholly quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). At the same time, diversity jurisdiction also

requires a "'reasonable probability' that the amount in controversy exceeds $75,000." *Smulley v. Safeco Ins. Co. of Illinois*, No. 21-2124, 2022 WL 16753118, at *1 (2d Cir. Nov. 8, 2022) (summary order) (quoting *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975)).  On the other hand, federal question jurisdiction under 28 U.S.C. § 1331 requires that a civil action "aris[e] under the Constitution, laws, or treaties of the United States." *See also, e.g.*, *Nwobi v. Ryder Truck Rental, Inc.*, No. 25-CV-4894, 2026 WL 811281, at *7 (S.D.N.Y. Mar. 23, 2026) (concluding that where a claim was alleged under the Americans with Disabilities Act, a federal statute, the complaint raised a federal question) (quotation marks omitted).  "[T]he party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'"  *Tandon v. Captain's Cove Marina of Bridgeport*, *Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

Even where a party seeks emergency relief, the complaint must allege facts that, if proven, would support the exercise of the court's subject matter jurisdiction.  *See Park v. Parker*, No. 25-CV-00789, 2025 WL 4647881, at *4 (S.D.N.Y. Dec. 8, 2025) (recommending motions for preliminary injunctions be denied because the court lacked jurisdiction over the complaint), *report and recommendation adopted sub nom. Park v. Parker*, 2026 WL 395346 (S.D.N.Y. Feb. 12, 2026); *Thomas v. Gonzalez*, No. 25-CV-05244, 2025 WL 2822615, at *4 (E.D.N.Y. Oct. 3, 2025) ("[I]n the absence of a complaint setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant a temporary restraining order." (wholly quoting *Houle v. Wells Fargo, NA*, No. 23-CV-6634, 2023 WL 7388252, at *3 (W.D.N.Y. Nov. 8, 2023)); *Heron v. Keida*, No. 25-CV-04315, 2025 WL 2533365, at *4 (E.D.N.Y. Sept. 3, 2025) (same); *Lopez v. "Director" of the Internal Revenue Serv.'s (IRS) Ogden Utah Off.*, No. 16-CV-600, 2017 WL 337978, at *10 (D. Conn. Jan. 23, 2017) ("The Court therefore has no discretion to award declaratory or

injunctive relief in the absence of the necessary 'legal predicate' of a legitimate cause of action over which this Court has jurisdiction.").

B. Jurisdictional Analysis

Plaintiff invokes this Court's diversity jurisdiction in his Complaint. (*See* Compl. ¶¶ 1–3, 5–6.) He alleges that Reddi "resides" in "Bronxville, New York and owns property . . . [in] Clancy, Montana." (*Id.* ¶ 1; *see also id.* ¶ 5 (alleging that "Reddi resides" "in this District").) He asserts that Compass "is a limited liability corporation incorporated in Delaware with its headquarters in New York County . . ." (*Id.* ¶ 2.) Plaintiff claims that he himself is "a citizen of a State other than New York and Delaware." (*Id.* ¶ 5.) There is well over $75,000 in controversy. (*E.g. id.* ¶ 41 (seeking, among other things, disgorgement of the Property's $5,350,000.00 purchase price).)

To start, Plaintiff's allegations fail to allege the citizenship of the member or members of Compass, an entity that Plaintiff alleges is an LLC. "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of [an LLC] and the place of incorporation and principal place of business of any corporate entities who are members of the [LLC]." *New Millennium Cap. Partners, III, LLC v. Juniper Grp. Inc.*, No. 10-CV-46, 2010 WL 1257325, at \*1 (S.D.N.Y. Mar. 26, 2010) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000)). Where a party alleges "residence but not citizenship," the allegations do not support the Court's exercise of jurisdiction over the matter. *ILYM Solar, LLC v. Solar Fi Advisor, LLC*, No. 24-CV-09310, 2024 WL 5119352, at \*1 (S.D.N.Y. Dec. 16, 2024) (quoting *Vinas v. Briguglio*, No. 07-CV-378, 2007 WL 258178, at \*2 (S.D.N.Y. Jan. 25, 2007)). The Complaint also fails to allege Reddi's citizenship. Instead, it alleges that she "resides" in New York and "owns property" in Montana. (Compl. ¶ 1.) "[I]t is well-established that," as to an individual, "allegations of residency alone cannot establish

citizenship." *SBL Enters. LLC v. Keystone Cap. Corp.*, No. 21-CV-04459, 2021 WL 2000365, at

*2 (S.D.N.Y. May 19, 2021) (wholly quoting *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103

(2d Cir. 1997)).  Instead, Plaintiff is obligated to include allegations of individual domicile.

"Domicile is not synonymous with residence; a party can reside in one place and be domiciled in

another." *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81

(S.D.N.Y. 2009).

Given that the Complaint does not "set[] out [sufficiently] the basis for jurisdiction, the

Court lacks the jurisdiction to grant a temporary restraining order" or any other preliminary

relief.  *Thomas*, 2025 WL 2822615, at *4.[1]  Accordingly, Plaintiff's request is denied.

---

[1] Even if the jurisdictional issue did not divest the Court of its authority to issue a temporary restraining order and/or preliminary injunction, it is the type of serious issue casting doubt on Plaintiff's likelihood of success that would lead the Court to deny that request.  *See Borrani v. Nationstar Mortg. LLC*, No. 17-CV-9397, 2019 WL 1429982, at *3 (S.D.N.Y. Mar. 29, 2019) (noting the court had earlier denied a request for a preliminary injunction where "the [c]ourt's jurisdiction was in serious doubt under the *Rooker-Feldman* doctrine"), *aff'd*, 820 F. App'x 20 (2d Cir. 2020) (summary order); *see also Crawford v. Citibank, N.A.*, No. 25-CV-4750, 2026 WL 438122, at *4 (E.D.N.Y. Feb. 16, 2026) (same).

Moreover, Plaintiff's application for emergency relief does not demonstrate irreparable harm absent the request being granted.  Plaintiff claims that he is sustaining damages related to the Residence being uninhabitable, and that Defendants' continued failure to respond to his inquiries related to the damage is exacerbating the monetary harms he has suffered.  (*E.g.* Compl. ¶¶ 17–18.)  But the general rule in the Second Circuit is that "an injury compensable by money damages," without more, "is insufficient to establish irreparable harm," and there is no obvious reason from the face of Plaintiff's documents why money damages would not suffice here.  *CRP/Extell Parcel I, L.P. v. Cuomo*, 394 F. App'x 779, 781 (2d Cir. 2010) (summary order) (citing *Jackson Dairy, Inc. v. H.P. Hood & Sons., Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)).

For the same reason, to the extent the request should be construed under the standard for expedited discovery requests, the Court has serious doubts that Plaintiff's submissions are sufficient to demonstrate "irreparable injury" or a "probability of success on the merits" under the four-part *Notaro* test, *e.g. Litwin v. OceanFreight, Inc.*, 865 F. Supp. 2d 385, 402 (S.D.N.Y. 2011), or "good cause" for such relief, *Lurch v. Kim*, No. 22-CV-2324, 2026 WL 761589, at *8 (S.D.N.Y. Mar. 18, 2026).

Defendant Reddi's Cross-Motion for a Protective Order is likewise denied as premature at this juncture.

Plaintiff has indicated, however, that he intends to amend his Complaint. He may do so, and may include facts that would establish subject matter jurisdiction, if he can truthfully do so without contradicting the allegations in his current Complaint. *See* Fed. R. Civ. P. 15(a). If Plaintiff can successfully amend his Complaint to establish subject matter jurisdiction, he may also file again a motion for a temporary restraining order, should he wish to do so, or file a motion for a preliminary injunction, keeping in mind the Court's questions about the viability of such an application, as summarized in footnote 1. Plaintiff's Amended Complaint should be filed by no later than May 11, 2026.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. No. 16.

SO ORDERED.

DATED:    May 1, 2026
          White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE